```
              UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA
```

ANDRE PAIGE,                    :
                                :
        Petitioner              :   No. 4:CV-10-0701
                                :
    vs.                         :   (Petition Filed 04/01/10)
                                :
RONNIE HOLT, Warden,            :   (Judge Muir)
                                :
        Respondent              :

**MEMORANDUM AND ORDER**

April 12, 2010

Andre Paige, an inmate presently confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Paige challenges the validity of his conviction and sentence from the United States District Court for the Middle District of Florida. Along with the filing of his petition, Paige filed an application to proceed in forma pauperis. (Doc. 3).

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof. For the reasons set forth below, the petition will be dismissed summarily.

**Background**

In September 2004, a federal grand jury in Tampa, Florida, returned a third superseding indictment charging Andre T. Paige with the following offenses:

> **Count One** - violent crime in aid of racketeering activity, in violation of 18 U.S.C. §§ 1959(a)(1) and 2;
> **Count Two** - aiding and abetting another who murdered a person with the intent of preventing that person from communicating to a law enforcement officer or judge of the United States information relating to federal offenses, in violation of 18 U.S.C. §§ 1512(a)(1)(C), 1512(a)(3)(A) and 2;
> **Count Three** - aiding and abetting another who carried a firearm during and in relation to a federal crime of violence and in the course thereof used the firearm to cause a person's death by murder, in violation of 18 U.S.C. §§ 924(c)(1), 924(j)(1), and 2;
> **Count Four** - conspiracy to affect interstate commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2;
> **Counts Five, Seven, and Nine** - aiding and abetting another to affect interstate commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2;
> **Counts Six and Ten -** aiding and abetting another who carried a firearm that was discharged during the commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(iii) and 2; and,
> **Count Eight** - aiding and abetting another who carried a firearm that was brandished during the commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(ii) and 2.
> D-130.

2

See United States v. Paige Crim. Action No. 8:02-cr-00508-EAK-MSS-1(M.D. Florida, Tampa Division 2002).

Following a ten-day trial, the jury found Paige guilty on all counts of the third superseding indictment. Id.

On January 27, 2006, Paige was sentenced to life imprisonment as to Counts One, Two, and Three, and to 240 months' incarceration on each of Counts Four, Five, Seven and Nine, all to run concurrently, and, to 120 months' incarceration on Count Six and 300 month's incarceration on Counts Eight and Ten, all to run consecutively to the sentences imposed on all other counts, for a total effective term of life imprisonment plus 720 months' incarceration. Id. The District Court also sentenced Paige to sixty months' supervised release on Counts One, Two, Three, Six, Eight, and Ten, and to thirty-six months' supervised release on Counts Four, Five, Seven, and Nine, all such terms to run concurrently. Id. In addition, the Court ordered Paige to pay $8007 in restitution. Id.

On January 30, 2006, Paige filed a direct appeal of his conviction and sentence. Id.

On July 18, 2007, the United States Court of Appeals for the Eleventh Circuit upheld Paige's conviction and sentence. Id.

On September 29, 2008, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. Id.

On March 16, 2009, Paige's 2255 motion was denied. Id.

On April 1, 2010, Paige filed the instant petition for writ of habeas corpus, challenging his conviction pursuant to 28 U.S.C. § 2241. (Doc. 1). In his instant petition, Paige asserts six separate grounds for relief. Id.

**Discussion**

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Paige clearly maintains that his federal conviction and sentence violate his constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate

4

<u>or ineffective</u> to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. <u>See Id</u>.; <u>Cagle v. Ciccone</u>, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.), <u>cert. denied</u>, 488 U.S. 982 (1988); <u>Litterio v. Parker</u>, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), <u>cert. denied</u>, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Paige has not met

this burden.  Moreover, Paige does not state that he has requested permission from the United States Court of Appeals for the Eleventh Circuit for leave to file a successive petition. There remains that possibility that Paige would be granted permission by the Eleventh Circuit to file a successive § 2255 motion, if appropriate.  Thus, the court will dismiss Paige's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice to any right petitioner may have to seek leave to file a second or successive § 2255 motion.

    An appropriate Order accompanies this Memorandum Opinion.


                              s/Malcolm Muir
                              MUIR
                              United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
ANDRE PAIGE,                    :
                                :
         Petitioner             :   No. 4:CV-10-0701
                                :
     vs.                        :   (Petition Filed 04/01/10)
                                :
RONNIE HOLT, Warden,            :   (Judge Muir)
                                :
         Respondent             :
```

**ORDER**

April 12, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner's application to proceed <u>in forma pauperis</u> (Doc. 3) is **GRANTED** only for the purpose of filing the petition for writ of habeas corpus.

2. The petition for a writ of habeas corpus (Doc. 1, petition) is **DISMISSED** for lack of jurisdiction.

3. The Clerk of Court shall **CLOSE** this case.

s/Malcolm Muir
MUIR
United States District Judge
